

## NUMBER 13-17-00683-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI – EDINBURG

FELICIANO CRUZ,                                                          Appellant,

v.

THE STATE OF TEXAS,                                                      Appellee.

### On Appellant's Motion to Recall Mandate Pursuant to
### Texas Rules of Appellate Procedure 18.7 & 19.3(b).

## ORDER

### Before Chief Justice Contreras and Justices Longoria and Perkes
### Order Per Curiam

This cause is before the Court on a pro se "Motion to Recall Mandate Pursuant to

Texas Rules of Appellate Procedure 18.7 & 19.3(b)" filed by appellant Feliciano Cruz. We

affirmed appellant's convictions for murder and tampering with physical evidence in a

memorandum opinion dated January 9, 2020. *Cruz v. State*, No. 13-17-00683-CR, 2020

WL 103865 (Tex. App.—Corpus Christi–Edinburg Jan. 9, 2020, no pet.) (mem. op., not designated for publication). No motion for rehearing or en banc reconsideration was filed, and on March 25, 2020, we issued our mandate. *See* TEX. R. APP. P. 18.1(a).

Appellant states in his motion that his appellate counsel failed to reply to correspondence, failed to send him a copy of our memorandum opinion, and failed to advise him of the outcome of the appeal. *See* TEX. R. APP. P. 48.4 (stating that an attorney representing a defendant on appeal must send a copy of the opinion and judgment within five days of the date it is handed down). Appellant notes correctly that his appellate counsel has not filed with this Court a letter certifying his compliance with Texas Rule of Appellate Procedure 48.4, as is required by the rule. *See id*. Appellant states that he only learned of the outcome of his appeal "through a third party" after the expiration of the deadline for seeking discretionary review from the Texas Court of Criminal Appeals. He therefore asks us to recall the mandate so that he may exercise his right to file a petition for discretionary review. *See* TEX. R. APP. P. 19.3 (allowing this Court to recall a mandate "as these rules provide" despite the expiration of our plenary power).

A petition for discretionary review "must be filed within 30 days after either the day the court of appeals' judgment was rendered or the day the last timely motion for rehearing or timely motion for en banc reconsideration was overruled by the court of appeals." TEX. R. APP. P. 68.2. This Court may not grant an extension of time to file a petition for discretionary review. TEX. R. APP. P. 4.5(c)(3) ("A motion for additional time to file a petition for discretionary review must be filed in and ruled on by the Court of Criminal Appeals."). Because the time for filing a petition for discretionary review has expired, recall of our mandate would not afford appellant any meaningful relief. Appellant's "Motion

to Recall Mandate Pursuant to Texas Rules of Appellate Procedure 18.7 & 19.3(b)" is therefore DENIED.

We note that appellant may obtain relief by filing a post-conviction petition for writ of habeas corpus with the convicting trial court under article 11.07 of the Texas Code of Criminal Procedure. *See Ex parte Martinez Sanchez*, WR-90,080-01, 2019 WL 4318454 (Tex. Crim. App. Sept. 11, 2019) (granting leave to file out-of-time petition for discretionary review where "counsel failed to timely notify [appellant] that his conviction had been affirmed and failed to advise him of his right to petition pro se for discretionary review"); *Ex parte Gittens*, No. WR-90,259-01, 2019 WL 4316839 (Tex. Crim. App. Sept. 11, 2019) (same); *Ex parte Sharper*, No. WR-88,917-01, 2019 WL 962396 (Tex. Crim. App. Jan. 30, 2019) (same); *Ex parte Hales*, No. WR-87,829-01, 2018 WL 524812 (Tex. Crim. App. Jan. 24, 2018) (same).

IT IS SO ORDERED.

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
1st day of October, 2020.